IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DALE A. ZEIGLER,                  )
                                  )
     Plaintiff,                   )
                                  )      CIVIL ACTION NO.
     v.                           )      2:02cv1314-MHT
                                  )           (WO)
CHARLES E. SHANER and             )
CITY OF MONTGOMERY,               )
                                  )
     Defendants.                  )
```

ORDER

In this lawsuit, plaintiff Dale A. Zeigler charged defendant City of Montgomery with race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e through 2000e-17, and charged the city and defendant Charles E. Shaner with race discrimination in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. 1981.  Zeigler also asserted the following state law-claims: negligence by the city; and invasion of privacy, outrage, and assault by Shaner.  On March 23, 2004, this

court issued an order granting summary judgment in favor of the city and Shaner on Zeigler's federal claims; dismissing Zeigler's state-law claims without prejudice; and ordering costs taxed against Zeigler.

This cause is now before the court on Shaner's bill of costs and on Zeigler's motion to strike the bill of costs.

## I. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." In his bill of costs, Shaner seeks to recover a total of $ 2,944.36 for the following costs:

> (1) Fees of the court reporter for depositions and transcripts: $ 1,393.90;
>
> (2) Fees and disbursements for printing: $ 1,386.32;
>
> (3) Fees for witnesses: $ 43.64;

2

(4) Fees for exemplification and copies of papers: $ 30.00; and

(5) Postage: $ 90.50.

  (1) Depositions and transcripts

The $ 1,393.90 in court reporter fees that Shaner seeks can be broken down as follows:

  (1) Deposition transcript of plaintiff Zeigler: $ 641.55;

  (2) Condensed version and ASCII disk of Zeigler's deposition: $ 45.00;

  (3) Deposition transcript of Barbara Montoya: $ 157.25;

  (4) Exhibits attached to Montoya's deposition: $ 15.50;

  (5) Trial testimony of plaintiff Zeilger, Johnny Sanders, and Thomas Reinhart: $ 534.60.

Zeigler moves to strike the fees of the court reporter for the cost of his and Montoya's depositions because the city was already reimbursed for making copies of the same two depositions in a separate bill of costs. This court granted the city's bill of costs for the depositions of Zeigler and Montoya ($ 1289.25), which included the condensed version and ASCII disk of Zeigler's deposition, but did not include the exhibits in Montoya's deposition.

Costs may include the fees of a court reporter for "all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. 1920(2). Depositions are included in the phrase "stenographic transcript." United States v. Kolestar, 313 F.2d 835, 837-38 (5th Cir. 1963); Coleman v. Roadway Express, 158 F.Supp.2d 1304, 1310 (M.D. Ala. 2001).[1] The

---

1. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

costs of obtaining copies of deposition transcripts are recoverable as well. Id. at 837-39.

However, deposition costs incurred merely for convenience are not recoverable. Blevins v. Hellig-Meyers, Corp., 184 F.R.D. 663, 666 (M.D. Ala. 1999). Extra copies of depositions are considered to be obtained for the convenience of counsel and are not ordinarily taxable. Sun Ship, Inc. v. Lehman, 655 F.2d 1311, 1318 (D.C. Cir. 1981). Because Shaner has not offered any reason for the need to duplicate the city's copy of Zeigler and Montoya's depositions, the court will not allow Shaner to collect the fees charged for an additional copy of the regular ($ 641.55 and $ 157.25) and condensed deposition materials ($ 45.00) already possessed by the city, but it will allow the $ 15.50 fee for copying the exhibits attached to Montoya's deposition because they were not previously copied by the city.

Zeigler also moves to strike the $ 534.60 Shaner incurred in obtaining his trial testimony and the trial

5

testimony of two other individuals in a related case as premature and unnecessary. These costs will be allowed because these individuals were listed by Zeigler as witnesses in this matter; their testimony was taken in a case involving the conduct of defendant Shaner at the same workplace; and Shaner planned to use this testimony to impeach these witnesses in the instant case.

### (2) Copying

The court notes, at the outset, that Shaner erroneously categorizes $ 1,386.32 in photocopying costs as printing costs. The court will therefore add these costs to his existing $ 30.00 in copying costs for a new total of $ 1,416.32.

Zeigler moves to strike $ 612.22 of these costs, which Shaner incurred in making ten copies of his exhibits for use at trial. "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and

6

documents prepared for the Court's consideration are recoverable." Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989) aff'd, 914 F.2d 267 (11th Cir. 1990)(table); Blevins, 184 F.R.D. at 668. Shaner may recover for this expense because the court required that each of the ten jurors receive a copy of the trial exhibits.

Zeigler also moves to strike the $ 30.00 Shaner seeks for the documents he obtained from Zeigler's physician because Shaner never addressed any issue to the court or to him regarding the records. Shaner's costs may properly include "fees for exemplification and copies of papers necessarily obtained for use in trial." 28 U.S.C. 1920(4). Shaner argues that records of Zeigler's treating physician were relevant and necessarily obtained for trial because Zeigler sought recovery for mental anguish. The court agrees.

Finally, Zeigler rightly protests the remaining copying fees ($ 774.10) because Shaner does not provide

7

sufficient information about the substance of the copies made. "The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992); Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Shaner merely lists the date and number of copies made.

Since Shaner has not adequately itemized these photocopying costs ($ 774.10), the court will strike all of these costs, and allow only the $ 642.22 ($ 612.22 and $ 30.00) fees discussed above whose substance was specifically and adequately delineated.

### (3) Witnesses

Zeigler moves to strike the $ 43.64 in witness fees for Andrea Shay Redden because the purpose of this subpoena is unclear and the witness was available for

testimony without charge as a city employee. Zeigler's objection to this fee is without merit because Shaner's bill of costs does not seek to recover any witness fees for Redden. Rather, the bill of costs lists Tracey Arthur as the witness for whom Shaner is seeking costs. Arthur is a former city employee, previously employed at the workplace at issue who allegedly observed certain events in this matter.[2] As such, the court will allow this witness fee.

## II.  CONCLUSION

For the foregoing reasons, and upon consideration of Zeigler's motion to strike Shaner's bill of costs, the court concludes that costs should be allowed in the amount of $ 1326.46 and disallowed in the amount of $ 1617.90, as follows:

---

2.  Shaner's Response to Zeigler's motion to strike the bill of costs, (Doc. No. 89), Exhibit D, Affidavit of Tracy Arthur.


|  | Requested | Disallowed | Allowed |
|---|---|---|---|
| **Fees of court reporter** | $ 1,393.90 | $ 843.80 | $ 550.10 |
| **Fees for copies/ papers** | $ 1,416.32 | $ 774.10 | $ 642.22 |
| **Fees for witnesses** | $ 43.64 | $ 0 | $ 43.64 |
| **Fees for Postage** | $ 90.50 | $ 0 | $ 90.50 |
| **TOTAL** | $ 2,944.36 | $ 1617.90 | $ 1326.46 |

**Accordingly, it is ORDERED that:**

**(1) Plaintiff Dale A. Zeigler's motion to strike the bill of costs, (Doc. No. 87) is granted to the extent that $ 1617.90 of the requested costs are disallowed.**

**(2) Said motion is denied to the extent that $ 1326.46 of the requested costs are allowed.**

**(3) Defendant Charles E. Shaner's bill of costs, (Doc. No. 86) is granted in the amount of $ 1326.46.**

 **(4) Costs in the amount of $ 1326.46 are taxed against plaintiff Zeigler, for which execution may issue.**

**DONE, this the 24th day of March, 2006.**

        <u>/s/ Myron H. Thompson</u>
        **UNITED STATES DISTRICT JUDGE**

N:\JUDGES\THOMPSON\JUDGE\Archives\2002\02-1314 court cost.wpd